UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>AMIE TAN, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-0921 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' COUNTERCLAIM**<br><br>**(Docket Nos. 5, 20, 21)** |

       Plaintiff Wells Fargo Bank, N.A., initiated an unlawful detainer action against Defendants Amie and Allen Tan in state court. Defendants subsequently removed the action to federal court asserting federal jurisdiction pursuant to both 28 U.S.C. § 1332 and § 1441. Plaintiff has now filed a motion to remand. For the reasons set forth below, the Court **GRANTS** the motion to remand and **DENIES** the Motion to Strike Defendants' counterclaims as moot. Plaintiff's request for attorney fees is **DENIED** and the June 22, 2012 hearing is **VACATED**.

       **I.    FACTUAL AND PROCEDURAL BACKGROUND**

       This action arises from a Deed of Trust entered in to by Defendants on December 21, 2005 with Option One Mortgage Services, for the amount of $800,000. Docket No. 14, Ex. A-1. The Deed of Trust was secured by Defendants' property in Alameda, California. It was subsequently conveyed to Wells Fargo Bank, N.A. as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-OPTI. *Id.*, Ex. A-2. On July 14, 2009, Plaintiff informed Defendants they were in default. *Id.* Defendants received a second Notice of Default on December 18, 2010. Docket No. 14, Ex. A-6. Plaintiff then purchased the property at 3 Dow Court,

1  Alameda, CA 94501 on October 13, 2011, at a foreclosure sale. *Id.*, Ex. A-10. On November 7,
2  2011, Plaintiff sent Defendants a Notice to Vacate with which they did not comply. Docket No. 5,
3  Ex. 1. Defendants have twice before brought suit alleging wrongful foreclosure of the property at
4  issue here. Both of those claims were brought in state court and removed to federal court by the
5  Defendants in those cases.

## II.    DISCUSSION

In its Motion to Remand, Plaintiff argues removal was procedurally defective and that this Court lacks subject matter jurisdiction over the case. The Court agrees.

A.    <u>Failure to Remove Within 30 Days</u>

As a preliminary matter, Defendants' removal was procedurally improper. Defendants were served with the initial unlawful detainer complaint on November 26, 2011. Docket No. 5, Exhibit 2.[1] Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." *Id.* While Defendants assert they were not properly served, they provide no factual basis for this claim. Docket No. 1, ¶ 2. Furthermore, they filed an Answer to the complaint on January 9, 2012, proving they received the complaint on or before January 9, 2012. Docket No. 5, Ex. 3. Defendants' Notice of Removal was filed on February 24, 2012, 90 days after the date Plaintiff asserts the complaint was delivered, and more than 30 days after Defendant filed the Answer. Docket No. 1 at 1. Thus, even assuming Defendants received the complaint on January 8, 2011, the filing of the Notice of Removal still exceeds the 30-day deadline.

B.    <u>Lack of Subject Matter Jurisdiction</u>

In addition to the procedural flaws with removal, this Court lacks subject matter jurisdiction over the case. First, there is no federal question jurisdiction in this matter. Plaintiff's complaint presents solely an issue of unlawful detainer, a claim that arises under state law. A case may be removed to federal court pursuant to 28 U.S.C. § 1331 only where a federal question appears on the face of a well-pleaded complaint. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

---

[1] The Court **GRANTS** Plaintiff's request for judicial notice. Docket No. 20. *See* Fed. R. Evid. 201(b).

Federal question jurisdiction may not be predicated on the defendant's answer or counterclaims. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–32 (2002). Thus, Defendants' federal law counterclaims do not establish federal jurisdiction on the basis of federal question. Docket No. 1, ¶¶ 8-12.

Second, diversity jurisdiction is lacking in this matter as well. Diversity jurisdiction exists when the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). While Defendants claim the parties are citizens of different states, they do not provide a factual basis for this conclusion. Defendants fail to establish Wells Fargo's citizenship. Docket No. 1 ¶¶ 3-6. Moreover, in diversity actions, the amount in controversy is determined from the face of the pleadings. *See Pahinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). The amount in controversy requirement falls short here because Plaintiff seeks less than $10,000 in damages. Docket No. 5, Ex 1. Defendants' claim of damages in excess of $75,000 based on the value of their foreclosed-upon home is inapposite. Docket No. 1 ¶ 7; *see Litton Loan Servicing, L.P. v. Villegas,* No. C-10-5478 PJH, 2011 WL 204322 at *2 (N.D. Cal. Jan. 21, 2011) (stating that in an unlawful detainer action, "the right to possession alone is involved- not title to property") (quoting *Evans*, 67 Cal. App. 3d 162, 170, 136 Cal. Rptr. 596 (1977)). In addition, an action otherwise removable solely on the basis of diversity jurisdiction is not removable if the defendant is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b)(2). Defendants concede that "at this time the Defendant is a citizen of California."

Accordingly, the Court lacks jurisdiction over this action even assuming Defendants' removal was timely.

C. <u>Attorney Fees</u>

Although there was no basis for removal, an award of attorney fees is not appropriate in this case. Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), the Supreme Court held that the standard for awarding fees should turn on the "reasonableness of the removal." As the court explained, "absent

3

unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

Where removal is objectively unreasonable, an award of attorney fees may nevertheless be inappropriate due to a litigant's pro se status. *See Deutsche Bank Nat'l Trust Co. Cabalu,* No. C-10-02624 EDL, 2010 WL 4916408 at *3 (N.D. Cal. Sept. 30, 2010) (explaining that although removal was objectively unreasonable, an award of fees was not appropriate because of litigant's pro se status; also noting representation by one defendant that he was not employed and thus unable to afford any judgment). The rule that removal cannot be based on a federal defense is not obvious to a pro-se litigant. *See HSBC Bank USA, N.A. v Tran,* No. C-10-3069 JF ,2010 WL 4687956 (N.D. Cal. Nov. 9, 2010); *see also Szanto v. Szanto Revocable Trust of 1991,* No. C-10-1364 RS, 2010 WL 2280356 at *2 (N.D. Cal. June 7, 2010) (noting that a pro se litigant's "lack of understanding as to the specialized procedural hurdles involved in removal jurisdiction is understandable.").

In the instant case, the Court finds that Defendants' removal was objectively unreasonable because they assert federal jurisdiction on the basis of counterclaims and conclusory statements regarding the diversity of the parties. Docket No. 1 ¶¶ 3-12. Nonetheless, attorney fees are not appropriate because Defendants are pro se litigants and the rule that removal cannot be based on a federal defense is not obvious to a pro se litigant. While Defendants are repeat players in this Court, their previous appearances were the result of actions they initiated in state court, and were subsequently removed to federal court by the Defendants. *See Tan v. Wells Fargo Bank,* No. C-10-3773 SBA, (Docket No. 14) (Order at 2); *see Tan v. Wells Fargo Bank NA, No.* No. C-11-2874 EMC, (Docket No. 22 ) (Order Dismissing Case). Defendants themselves have no experience removing an action to federal court.

///
///
///
///
///
///

### III. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Plaintiff's request for attorney fees. Plaintiff's Motion to Strike Defendants' counterclaims is **DENIED** as moot. The case is remanded to the state court from which it was removed, and the Clerk of the Court shall close the file in this case.

This Order disposes of Docket Nos. 5, 20, and 21.

IT IS SO ORDERED.

Dated: July 2, 2012

_____
EDWARD M. CHEN
United States District Judge